State use of FITHIAN, JONES & Co., v. JOHN A. WILLARD *et al.*

No action will lie on the recognizance of a sheriff against him and his sureties, by the plaintiffs in a domestic attachment to recover their debt, or any part of it against the defendant in the writ, out of the sheriff and his sureties, by reason of the default of the sheriff to account for and pay the money into Court arising from the sale of the goods of the defendant in the attachment, without first proceeding by auditors under the attachment law, as provided for in it, to adjust and ascertain all the demands of the defendant's creditors. But if in such an action, the plea of performance only is pleaded, the plaintiff will be entitled to a verdict for nominal damages.

THIS was an action of debt in the name of the State for the use of Fithian, Jones & Co. on the official recognizance of John A. Wiliard, late sheriff, against him and his sureties in the recognizance. Plea, performance. The breach which was assigned in the replication, was for the non-payment of $272,50 to the plaintiffs, part of the sum of $431,50 collected and received by Willard whilst sheriff, on a domestic attachment at the suit of Fithian, Jones & Co., against Jonathan J. Stevens, returnable to November term, 1856. The plaintiffs had recovered a judgment against Stevens, on which they sued out a domestic attachment and placed it in the hands of Willard whilst sheriff, and on which he took into his possession goods and chattels of the defendant, inventoried and appraised at $431,50, and which were afterwards sold by the sheriff on an order obtained by him therefor from one of the judges in vacation, but failing to bring the money into Court at the return of the writ, a rule was asked for and laid upon him at a subsequent term to bring the money, which still omitting to do, an attachment was issued against him for contempt on which he was arrested and afterwards discharged by the Court without prejudice, by reason of his insolvency and inability to pay the money. The plaintiffs having obtained judgment against the defendant on the return of the attachment, applied to

the Court and obtained the appointment of auditors to audit, adjust and ascertain the claims of the defendant's creditors pursuant to the provisions of the statute in such case made and provided, but no further proceeding was had in the matter, and at the ensuing term the plaintiff's attorney proceeded to ascertain by the verdict of a jury at the bar of the Court, the amount of the judgment on the attachment, which was found to be $470. After the plaintiff's attorney had exhibited the proof and opened the case to the jury.

*Rodney*, for the defendant, raised the question as the only one involved in the case, he said, whether the defendants for whom he appeared, were liable as the sureties of the late sheriff, Willard, to pay the sum demanded on the attachment, which was a domestic attachment under our act of Assembly. The plaintiffs in the case seemed to be proceeding as if the attachment on which the sheriff had seized and sold the goods of the defendant in that writ, was for their sole and exclusive benefit. But such was not the character and effect of a domestic attachment under our act. What does the statute say on this subject? In section 10, *Revised Code* 373, it is provided that on the return of a domestic attachment, the court shall appoint three suitable persons to audit the claims of the defendant's creditors and shall adjust and ascertain all their demands, including that of the the plaintiff in the attachment, after which it proceeds to make provision for a *pro rata* division and distribution of the defendant's effects among all his creditors. The plaintiffs therefore in the present case could only be entitled on the attachment to their proportion of the fund accruing from the sale of the goods seized and sold under it, after it had been ascertained, determined and fixed by the award and report of the auditor's to be appointed pursuant to the provisions of the act upon the subject. And yet they were now suing the sheriff and his sureties for the whole amount arising from the attachment, without any adjustment, or

any inquiry, or any determination by such auditors, of their claim, or the claim of any other creditor of the defendant, and of course, without any award, or report by them of the *pro rata* share, or dividend which they may be legally and justly entitled to receive out of it; for it appeared from the sheriff's return to the attachment, that there were other creditors of the defendant who had claims against him besides the plaintiffs. On behalf of the sheriff's sureties he therefore maintained that the present action would not lie, and requested the court to so instruct the jury and to return a verdict for the defendants.

*Patterson*, for the plaintiffs, referred to the general condition of the sheriff's recognizance and to the fact that he had received the money on the sale of the goods taken on the attachment, had been ruled to bring it into court, had been attached for contempt for failing to comply with the order, and had been discharged by the court without prejudice on the ground of his insolvency and inability to pay it; which certainly constituted a broad and general breach of the condition of his recognizance, and would entitle the plaintiffs to a verdict for nominal damages, at least. But he should further contend that they were entitled to recover in the action the sum of $272 50 in Willard's hands, after deducting the amounts which were shown by his return to be due to other creditors of the defendant, and which were admitted by the plaintiffs, from the whole sum received by him on the attachment. Because, as the sheriff had entirely failed to bring the money into court as ordered, there was no necessity for the appointment of auditors to audit and distribute the fund, nor did the statute contemplate, or require their appointment until it had been brought into court for division and distribution among the creditors, and there was an actual fund to be divided and distributed by them. The 11th section of the attachment law, *Rev. Code*, 373, following the section cited on the other side, contains this provision, " on the receipt of the proceeds of sale of the

property attached, or any part thereof, the auditors shall calculate and settle the proportions due the several creditors, allowing to the creditors attaching an·l prosecuting the same to judgment, a double share, or dividend, if such shall not exceed their whole debt; " which clearly imported that the statute contemplated no proceeding by the auditors until the " receipt of the proceeds of sale of the property attached, or some part of it; " for until then there could be no function to be performed by them under the statute. But in a case like this the attaching creditor may proceed by action of debt on the recognizance against the sheriff and his sureties for the breach of his official duty in the premises, and recover their claim, not out of the fund arising from the attachment, but out of them individually on the recognizance, by reason of the default and laches of the officer in the matter.

*Rodney*, for the defendants, said he had a proposition to make to the other side. It was not the purpose, or the desire of the sureties, to avoid the payment of any sum for which they were justly and legally liable in this case to the plaintiffs. He therefore proposed that a juror should be withdrawn in order to dispose of the present trial and that the case should be continued, and that the auditors appointed should proceed to audit and ascertain the claim of the plaintiffs and also the claims of the other creditors, as he conceived the statute imperatively required it, and when that was done, he would engage for his clients that judgment should be given for the amount so ascertained to be due the plaintiffs, in the present action without further delay, or controversy.

*Patterson:* The only plea filed in the case was performance, and under that issue the defendants could not avail themselves of the objection and defence which had been taken in the case to the right of the plaintiffs to recover in the action. He must therefore respectfully decline the proposition just made from the other side.

*The Court, Wootten J.*, charged the jury, that the statute of the State which had been referred to in the argument of the counsel, prescribed a specific course to be pursued in a case of domestic attachment, such as this was in its inception. By the 10th section of that act, on the return of such a writ, the goods taken under it, or the money arising from the sale of them under the order granted to the sheriff for that purpose, was in the custody of the law and in trust under the statute, not for the benefit alone of Fithian, Jones & Co., the plaintiffs and creditors in the attachment, but for the benefit of them together with such other creditors as might also have claims and demands against Stevens, the defendant in the writ, to be divided and distributed among the whole of them in the proportions and dividends therein prescribed, that is to say, in proportion to their respective demands, allowing to the creditors attaching and prosecuting the same to judgment, a double share, or dividend, if such shall not exceed their whole debt. And under this section of the act and for the purpose of making this distribution among all the creditors of the defendant, it is provided in terms quite as imperative and explicit, as those cited from the following, or 11th section by the counsel for the plaintiff, that " on the return of a writ of attachment, (such as this was,) the court shall appoint three suitable persons to audit the claims of the defendant's creditors, and shall adjust and ascertain all their demands, including that of the plaintiff in the attachment." It is true that the statute then goes on to provide in the succeeding section, that " on the receipt of the proceeds of sale of the property attached, or any part thereof, the auditors shall calculate and settle the proportions and dividends due the several creditors," allowing the attaching creditor a double share or dividend as before stated. But notwithstanding the strict and literal import of the terms of this latter provision, and notwithstanding the money, or proceeds of the sale of the property attached, was never received by the court, nor paid into court by the sheriff in this

case, it would be no less in contravention of the express terms and meaning of the preceding section, as well as directly contrary to the general scope, design and object of both sections to allow a domestic attachment creditor in such a case as this, or in any other case arising under the statute, to recover the whole of his demand, or any part of it, without regard to the demands of other creditors, and without the audit and distribution of the effects of their common debtor among them as provided for in the statute, and on the principle of mutual equity and justice prescribed in it.    Although the fund, or proceeds of sale had not been paid into court, there is nothing in a fair and reasonable construction of all the provisions of the statute on the subject, when taken and considered together, to preclude, or forbid, if the plaintiffs intended to take their present remedy by action on the sheriff's recognizance against him and his sureties, the auditors already appointed in the case by the court, from proceeding to audit and ascertain the shares, or dividends due the several creditors, and with them, the exact amount due to the plaintiffs.    Without this, the plaintiffs could never have recovered any portion of their demand, by any proceeding on the attachment itself; nor does it alter the principle of the law in the case in our opinion, that the present action is on the recognizance of the sheriff against him and his sureties for his laches and default in the payment of the money, since the amount, or proportion which they were entitled to receive of it in the distribution of it under the statute, must be the measure of the damage they have a right to recover by reason of the breach of the condition of the recognizance complained of in the present action, which is altogether unknown, and which it is not the province of the jury in this suit to determine, if indeed, they were able to do it.

But owing to the issues joined on the record in this case, and to the fact that the plea of performance is the only plea entered by the defendants, which they have failed to sustain, the plaintiff is entitled to a verdict, but it must be for nominal damages merely.